```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION


DONNIE GODWIN and SYLVIA GODWIN,

            Plaintiffs,

vs.                               Case No.  2:04-cv-607-FtM-29DNF

NDC REAL ESTATE MANAGEMENT, INC.,
PINNACLE APARTMENTS, STEVE (LNU),
and DENISE BARBER,

            Defendants.
_____/
```

**OPINION AND ORDER**

This matter comes before the Court on Defendants NDC Real Estate Management, Inc. ("NDC"), Denise Barber ("Barber"), and Steve's (last Name unknown or "LNU") Motion to Dismiss Amended Complaint and Supporting Memorandum of Law (Doc. #19) filed on April 27, 2005. Plaintiffs filed their Response and supporting memorandum of law (Doc. #20) on May 3, 2005.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

(footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n. 16.

**II.**

The Amended Complaint (Doc. #18) is the operative pleading and sets forth the following facts: Plaintiffs Donnie Godwin ("Mr. Godwin") and Sylvia Godwin ("Mrs. Godwin") (collectively "the Godwins") lived at Pinnacle Apartments ("Pinnacle") which was managed by NDC Realty Management, Inc. and in particular by residential manager Denise Barber. On November 22, 2004, plaintiffs and their uncle returned to the Godwins' apartment from an excursion to find a letter pinned to their apartment door. This

letter was not in an envelope and was pinned to the door print side out; meaning it was easily read by passers by.  This letter was on "Pinnacle Apts." letterhead and stated: "Please be advised that I can not accept your check dated November 19, 2004 for $100.00.  Your three day notice reflects a past due water bill of $45.99.  However your most current balance is $75.95.  This amount needs to be remitted along with the payment of $100.00 no later than 9 am tomorrow.  If you have any questions, please contact me."  The letter was signed "Denise Barber Property Manager."  The Godwins assert they had actually paid the debt and were embarrassed that their uncle and any other passer-by could see the contents of the letter.  They also felt threatened that important financial information had been left open to the public eye.  The first cause of action alleges a claim under the federal Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692 et seq., while the second cause of action alleges violation of the Florida Consumer Collection Practices Act ("the state Act"), Florida Statute § 559.72(9).

    Defendants seek to dismiss the Fair Debt Collection Practices Act claim set forth in Count I because none of moving defendants are "debt collectors" for purposes of the Act.  Defendants seek to dismiss Count II because of the resulting lack of federal jurisdiction over the state cause of action after dismissal of Count I.

### III. FDCPA

The Fair Debt Collection Practices Act (15 U.S.C.A. § 1692a et seq.) regulates the practices of "debt collectors."  In Count I, plaintiffs assert defendants violated the FDCPA because they were "debt collectors" (Doc. #18, p. 4 , ¶8) who committed or omitted four specifically identified types of conduct under the Act (Id at pp.7-8, ¶¶22(A)-(D)).  The statute contains both a definition of "debt collector" and language describing certain categories of persons and entities excluded from the definition.  Generally, "a 'debt collector' is defined under the statute as those persons who 'regularly collec[t] or attemp[t] to collect, directly or indirectly, [consumer] debts owed or due or asserted to be owed or due _another_.' 15 U.S.C. § 1692(a)." Fuller v. Becker & Poliakoff, PA, 192 F.Supp.2d 1361, 1368 (M.D. Fla. 2002)(emphasis added). Thus, defendant may escape liability either by failing to qualify as a "debt collector" under the initial definitional language, or by falling within one of the exclusions.  Defendants correctly point out that neither creditors, a creditor's employees, nor any party that owes a creditor a fiduciary duty are "debt collectors" under the Act.

Plaintiffs incorrectly assert that under the pleading requirements at this stage of the proceedings it is sufficient that their Amended Complaint alleges that defendants are "debt collectors," and that no further inquiry may be made into whether

defendants qualify as debt collectors within the parameters of the Act.  Calling defendants "debt collectors" is a legal conclusion which need not be accepted.  The Court, however, cannot determine whether defendants are debt collectors or excluded from that definition.  The Amended Complaint does not provide the Court with enough information to determine the origin of the alleged debt.  The November 22, 2004 letter mentions a $100.00 check, a past due water bill of $45.99, and a current balance of $75.95.  The Court cannot determine if or how these amounts combine or are related, or to whom they are owed, and therefore cannot determine the identity of the creditor, and thus whether the defendants are "debt collectors."  It is possible that a set of facts exist under which plaintiffs' claims are viable, making dismissal unwarranted under the standards summarized above.

## IV.  Steve LNU

Additionally, defendants assert that plaintiffs failure to properly serve Steve LNU necessitates dismissal of the cause against him.  (Doc. #19, p.3).  A Summons issued as to Steve LNU (Doc. #2) on December 6, 2004, however there is no return of service in the record and more than 120 days has lapsed since plaintiffs filed their complaint.  Consequently, pursuant to Rule 4(m)[1], Fed. R. Civ. P., plaintiffs shall have TEN (10) DAYS to show

---

[1]Rule 4(m), Fed. R. Civ. P., provides that failure to serve the summons and complaint upon a Defendant more than 120 days after the filing of the complaint shall, absent good cause being shown,
(continued...)

good cause why such service was not made within the required 120 day period.

Accordingly, it is now

**ORDERED:**

1) Defendants' Motion to Dismiss Amended Complaint and Supporting Memorandum of Law (Doc. #19) is **DENIED.**

2) Plaintiffs shall have **TEN (10) DAYS** to show good cause why such service was not made within the required 120 day period. Failure of plaintiff to respond to this order shall result in this action against defendant Steve LNU being dismissed **without prejudice and without further notice**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of August, 2005.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

---

[1](...continued)
result in the dismissal of the action as to that Defendant.